USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
:
-v- :
: 1:19-cr-253-GHW
:
JOHN DEPEYSTER, :
: ORDER
:
Defendant. :
:
-----------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

On November 23, 2021, counsel for Defendant submitted a letter requesting that the Court make broad modifications to the conditions of Defendant's home confinement, which Defendant finds onerous. November 23, 2021 Letter, Dkt. No. 121 (the "Letter"). For context, Defendant was convicted after a trial. Defendant took the stand in his defense and delivered testimony that the Court found to have been perjurious. Sentencing Transcript, Dkt. No. 109 ("Tr."), at 9:3-14:11. The Court determined that the advisory sentencing guidelines range with respect to the crime was 33-41 months imprisonment. *Id.* at 14:24-15:2. After considering all of the factors established under 18 U.S.C. § 3553(a), the Court imposed a sentence that represented a substantial downward variance from the guidelines range—principally 5 months imprisonment, to be followed by five years of supervised release. Judgment, Dkt. No. 111.

The Court's sentence included a term of home incarceration of seven months. The conditions of home incarceration required that the defendant be "restricted to his residence at all times except for medical necessities and Court appearances or other activities specifically approved by the Court." Judgment at 5. As counsel describes it: "The way they are written[,] Mr. Depeyster's confinement is very strict." Counsel asserts that she "mistakenly believed that the imposition of

home detention necessarily included the ability to obtain essentials, work, go to religious services, and mental health appointments." Letter at 2.

Counsel for Defendant is directed to page 29 of the pre-sentence report in this matter, which describes several tiers of restrictions from which the Court might select. Dkt. No. 100. One of those tiers restricts the defendant to his residence "at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; Court appearances; Court-ordered obligations; or other activities as preapproved by the officer (Home Detention." Another tier restricts the defendant to his residence "at all times except for medical necessities and Court appearances or other activities specifically approved by the Court (Home Incarceration)." The second of those two options was selected by the probation department in the presentence report and was adopted by the Court at sentencing.

Notwithstanding the clear articulation of these tiers in the presentence report in this case, the Letter suggests that counsel for Defendant does not appreciate that the Court made an intentional choice to select home incarceration, rather than home detention, when imposing sentence. As a result, the Letter does not grapple with the substantial nature of its request—namely that the Court change its sentence from home incarceration to home detention. Instead, counsel seems to view the application as merely one to correct language that she views as mistakenly restrictive, when it was intentionally so.[1]

Under the terms of the Judgment, the Court has the authority to permit Mr. Depeyster to engage in specified activities outside of the home. The Court would certainly entertain reasonable targeted requests for him to do so. But the Court denies the Letter's request to swap Mr. Depeyster's term of home incarceration for home detention because home incarceration is onerous.

---

[1] Nor does the letter grapple with the role that a term of home incarceration may have played in the Court's decision to limit the amount of time that the defendant spent in prison.

The Letter concludes with a sphinxlike remark: "Should that not be considered sufficient authority, given the failure of Counsel to seek those terms to be set forth expressly in the Judgement and Commitment Order, 28 U.S.C. § 2255 is invoked." Letter at 2. The Court does not know what to make of this casual invocation of 28 U.S.C. § 2255. The Letter is not a habeas petition: there is no petition; no memorandum of law; no affidavit regarding the hinted-at ineffectiveness of counsel; no argument regarding prejudice to the defendant in light of the Court's substantial downward variance and its adoption of the home incarceration option expressly articulated in the presentence report; no explanation at all of what the invocation is intended to achieve here. As a result, the Court cannot respond. To the extent that counsel for Defendant wishes to bring an application under 28 U.S.C. § 2255, she should do so in the proper manner.

If counsel wishes to request a hearing to discuss this, or another reasonable, application to the Court, she may do so. In the Letter, counsel states that she obtained useful advice from "federal defend[ers] and federal attorneys" regarding prior efforts to obtain relief through a compassionate release motion, which counsel describes as having been misdirected given that Mr. Depeyster is no longer incarcerated. Letter at 2. Those resources may be useful in connection this application as well.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 121.

SO ORDERED.

Dated: November 23, 2021

Gregory H. Woods
United States District Judge

3